**LATHAM & WATKINS LLP**
Blair G. Connelly (SBN 174460)
*blair.connelly@lw.com*
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

Michele D. Johnson (SBN 198298)
*michele.johnson@lw.com*
Kristin N. Murphy (SBN 268285)
*kristin.murphy@lw.com*
650 Town Center Drive, 20th Fl.
Costa Mesa, California 92626
(714) 540-1235

Colleen C. Smith (SBN 231216)
*colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, California 92130
(858) 523-5400

*Attorneys for Defendants Endeavor Group Holdings, Inc., Ariel Emanuel, Patrick Whitesell, Mark Shapiro, and Fawn Weaver*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALTSHARES EVENT-DRIVEN ETF, on Behalf of Itself and All Others Similarly Situated,

Plaintiff,

vs.

ENDEAVOR GROUP HOLDINGS, INC., ARIEL EMANUEL, PATRICK WHITESELL, MARK SHAPIRO, EGON DURBAN, URSULA BURNS, FAWN WEAVER, STEPHEN EVANS, JACQUELINE RESES, and SILVER LAKE GROUP, L.L.C.,

Defendants.

CASE NO. 2:26-cv-00526-RGK-KS

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Date: June 15, 2026
Time: 9:00 a.m.
Place: Courtroom 850
Judge: Hon. R. Gary Klausner

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. Plaintiff Fails to State a Section 10(b) Claim .......... 2

1. Plaintiff Fails to Plead Falsity .......... 2

a. The Fairness Statements Are Not Actionable .......... 2

b. Remaining Statements Are Not False or Misleading .......... 4

c. Non-EC Defendants Should Be Dismissed Under *Janus* .......... 4

2. Plaintiff Fails to Plead a Strong Inference of Scienter .......... 5

3. Plaintiff Fails to Plead Reliance .......... 7

4. Plaintiff Fails to Plead Loss Causation .......... 8

B. Plaintiff Fails to State a Section 13(e) Claim .......... 10

C. Plaintiff Fails to State a Claim Under Section 20(a) .......... 10

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alexander v. Sandoval*,
532 U.S. 275 (2001) .......... 10

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
663 F. Supp. 3d 334 (S.D.N.Y. 2023) .......... 8

*Batwin v. Occam Networks, Inc.*,
2008 WL 2676364 (C.D. Cal. July 1, 2008) .......... 10

*Belodoff v. Netlist, Inc.*,
2009 WL 1293690 (C.D. Cal. Apr. 17, 2009) .......... 4

*Boylan v. Sogou Inc.*,
2021 WL 4198254 (S.D.N.Y. Sept. 13, 2021) .......... 10

*Brody v. Transitional Hosps. Corp.*,
280 F.3d 997 (9th Cir. 2002) .......... 3

*Brown v. Papa Murphy's Holdings*,
2021 WL 1574446 (W.D. Wash. Apr. 22, 2021) .......... 10

*Callen v. Resonant, Inc.*,
2025 WL 1111555 (C.D. Cal. Mar. 28, 2025) .......... 8

*Cesario v. Biocept, Inc.*,
2025 WL 3687913 (S.D. Cal. Dec. 19, 2025) .......... 5

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
856 F.3d 605 (9th Cir. 2017) .......... 2

*Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc.*,
166 F.4th 805 (9th Cir. 2026) .......... 6

*Dolly v. GitLab Inc.*,
2025 WL 2372965 (N.D. Cal. Aug. 14, 2025) .......... 5

*Glazer Cap. Mgmt., LP v. Magistri*,
549 F.3d 736 (9th Cir. 2008) .......... 6

*Howing Co. v. Nationwide Corp.*,
826 F.2d 1470 (6th Cir. 1987) .......... 10

*In re Autodesk, Inc. Sec. Litig.*,
132 F. Supp. 2d 833 (N.D. Cal. 2000) .......... 7

*In re Digital Island Sec. Litig.*,
223 F. Supp. 2d 546 (D. Del. 2002) .......... 9

*In re Emisphere Techs., Inc. Sec. Litig.*,
2025 WL 2779107 (D.N.J. Sep. 30, 2025) .......... 9

*In re First Am. Fin. Corp.*,
2021 WL 4807648 (C.D. Cal. Sept. 22, 2021) .......... 4

*In re Hot Topic, Inc. Sec. Litig.*,
2014 WL 7499375 (C.D. Cal. May 2, 2014) .......... 2, 8, 9

*In re Ocera Therapeutics, Inc. Sec. Litig.*,
806 F. App'x 603 (9th Cir. 2020) .......... 8

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
2 F.4th 1199 (9th Cir. 2021) .......... 8

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
998 F.3d 397 (9th Cir. 2021) .......... 9

*Janus Cap. Grp., Inc. v. First Deriv. Traders*,
564 U.S. 135 (2011) .......... 5

*Locricchio v. Off. of U.S. Tr.*,
313 F. App'x 51 (9th Cir. 2009) .......... 4

*Mineworkers' Pension Scheme v. First Solar Inc.*,
881 F.3d 750 (9th Cir. 2018) .......... 9

*Nuveen Mun. High Income Opp. Fund v. City of Alameda*,
730 F.3d 1111 (9th Cir. 2013) .......... 9

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
575 U.S. 175 (2015) .......... 2

*Petersen v. Stem, Inc.*,
2024 WL 4602710 (N.D. Cal. Aug. 30, 2024) .......... 5

*Police Ret. Sys. v. Intuitive Surgical, Inc.*,
759 F.3d 1051 (9th Cir. 2014) .......... 6

*Prodanova v. H.C. Wainwright & Co.*,
993 F.3d 1097 (9th Cir. 2021) .......... 5

*Schueneman v. Arena Pharms., Inc.*,
840 F.3d 698 (9th Cir. 2016) .......... 3

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) .......... 7

## STATUTES

15 U.S.C. § 78m(e) .......... 10

15 U.S.C. § 78t(a) .......... 10

15 U.S.C. § 78u-4(b) .......... 10

# I. INTRODUCTION[1]

Plaintiff's Opposition ("Opp.") makes no headway in explaining why Plaintiff—which purchased Endeavor shares months after the deal was announced, forwent appraisal, and then sold at a handsome profit—has any cognizable grievance under the federal securities laws. Plaintiff identifies no misstatement of existing fact, no hidden data, and no market reaction to a revelation of misstated facts. Instead, Plaintiff continues to focus on a backward-looking disagreement about the Merger's value that the PSLRA was designed to foreclose.

Plaintiff's arguments fall short of each of the challenged elements.

- **Falsity**: Plaintiff's theory relies on post-signing developments—a rising TKO stock price (publicly known) and asset sales at prices above earlier estimates (publicly disclosed)—ignoring that the challenged Fairness Statements were expressly made as of a specific point in time, and Defendants were under no obligation to update them.
- **Scienter**: Having abandoned any claim of motive, Plaintiff resorts to a (false) tautology that executives involved in negotiating a merger must have harbored fraudulent intent simply because Plaintiff believes the merger was unfair.
- **Reliance**: Plaintiff belatedly contends it pled reliance, but the CAC's plain language belies that theory, and no presumption applies.
- **Loss Causation**: Plaintiff's theory asks the Court to credit the remarkable proposition that a fund that made money somehow suffered an economic loss, based on conjecture about the Company's "true value" and speculation that it might have received some higher, unspecified price in appraisal proceedings it elected not to join.
- **Alternative Counts**: Plaintiff's Section 13(e) and 20(a) claims fail for the same reasons explained in the OB.

[1] Terms and references to exhibits shall have the meaning defined in Defendants' memorandum in support of their motion to dismiss the CAC (the "OB") (Dkt. 77) and the accompanying Declaration of Colleen C. Smith (Dkt. 77-2).

# II. ARGUMENT

## A. Plaintiff Fails to State a Section 10(b) Claim

### 1. Plaintiff Fails to Plead Falsity

#### a. The Fairness Statements Are Not Actionable

Plaintiff's Opposition fails to explain how any of the Fairness Statements are actionable under *Omnicare*. *First*, to demonstrate "subjective falsity," Plaintiff argues that "developments" after April 2, 2024 "show[] that Defendants simply could not believe in good faith that the Merger was fair." Opp. 7. Plaintiff ignores, however, that the Fairness Statements were dated as of the signing of the deal—they did not purport to offer a "fair value" as of January 2025. Plaintiff cites the "'dramatic' increase in TKO's stock price," OpenBet sale, and Sports Assets sales, *id.*, but does not identify a single "particularized fact[] establishing that Defendants did not believe in their statements." *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 614 (9th Cir. 2017). Plaintiff's speculation about what Defendants *must have believed* does not suffice. *Id.* at 615.[2]

*Second*, Plaintiff does not identify "untrue embedded facts" in the Fairness Statements. Opp. 8. Plaintiff relies on selective quotes from the Fairness Opinion to suggest Endeavor's valuation should have reflected the asset sales, ¶ 133, while ignoring the explicit caveats regarding the Opinion's scope and limitations. OB 3, 7. The Fairness Opinion, when read "fairly and in context," *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 194 (2015), clearly reflects a point-in-time assessment. It was based on information as of March 28, 2024, and "did not address . . . any other agreements or arrangements . . . entered into in connection with or otherwise contemplated by the Transactions." IS at 75.

[2] *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 7499375 (C.D. Cal. May 2, 2014) is distinguishable. In *Hot Topic*, defendants allegedly gave initial projections to a buyer but provided *different*, downward-revised projections to the financial advisor that rendered a fairness opinion. *Id.* at *2. Here, Plaintiff does not allege there were two sets of projections or identify any information that any Defendant was aware of that contradicts the assumptions Endeavor management provided to Centerview.

No buyer, price, or agreement was in place for the OpenBet or Sports Asset Sales.

*Third*, Plaintiff is wrong that the Fairness Statements "create[d] an impression of a state of affairs that differ[ed] in a material way from the one that actually existed." Opp. 9 (citing *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997 (9th Cir. 2002)).[3] The Statements describe Centerview's Fairness Opinion *as of April 2, 2024*, and the Special Committee's and Executive Committee's rationales for recommending and approving the Merger *at that time.* ¶¶ 172 (describing "meeting of the [EC] held on April 2, 2024"), 173 (describing basis for "[EC's] approval of the Merger"); IS at 102 (opinion anchored in "factors described in [IS] sections" regarding Board approval), C-4 (opinion rendered "as of [April 2, 2024]," based on conditions "as in effect on" that date, with "no obligation or responsibility to update, revise or reaffirm"). The "post-signing rise in TKO's stock price . . . and multi-million-dollar asset sales" were public in any event. Opp. 8; *see also* OB 8–9, 13.

*Finally,* Plaintiff claims not to "rely on a duty to update," but the premise of its fraud theory is that Defendants have an ongoing obligation to supplement their disclosures about past events in light of "intervening developments." Opp. 9. The federal securities laws do not impose any such requirement. *See* OB 6, 17. *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698 (9th Cir. 2016) is inapposite. There, the defendant pharmaceutical company knew from studies that its drug was causing cancer, and the FDA had expressed serious "concerns," but the company told investors that "all the animal studies" at that time supported the drug's case for approval. *Id.* at 702–03. Thus, the company's misrepresentations directly contradicted its knowledge at the time of speaking. *Id.* at 708. Nothing of the sort exists here. As is typical in these contexts, Defendants accurately described the

---

[3] In *Brody*, the Ninth Circuit held that a company's disclosure is not misleading merely because it "did not provide all the information" the company possessed, so long as the information actually provided—"and the reasonable inferences one could draw from that information—were entirely consistent with the more detailed explanation" plaintiff would have preferred. *Brody*, 280 F.3d at 1007. That is precisely the case here. Based on the IS disclosures, a reasonable investor could draw its own inferences about the fairness of the Merger. OB 8–10, 13.

opinion that Centerview rendered as of the signing of the deal, including that it disclaimed any obligation to update that opinion. Nothing that took place subsequently could make that accurate description false or misleading. OB 7.

**b. Remaining Statements Are Not False or Misleading**

***Rollovers***: Plaintiff does not dispute that Endeavor disclosed the terms of the Rollover Agreement and the Rollover Interests, and that the "value" of those interests was based on the Merger Consideration. OB 8. Plaintiff's insistence that a different, higher value of the rollovers should have been included, Opp. 10–11, is a valuation dispute dressed up as a disclosure claim and should be rejected. OB 8.

***Special Committee Process***: Plaintiff does not dispute that the IS included extensive disclosures about the deal process. *See* Opp. 11. Nothing more is required. *See* OB 9; *Belodoff v. Netlist, Inc.*, 2009 WL 1293690, at *8 (C.D. Cal. Apr. 17, 2009) (company "was under no particular obligation to characterize the facts"). Plaintiff fails to identify a single non-disclosed fact about the Special Committee's process whose omission rendered the disclosed process misleading.

***TRA Disclosures***: Plaintiff concedes that the IS disclosed the tax-saving structure of the TRA in connection with the 2021 IPO, that Centerview valued the TRA at $0.31 to $0.33 per share, and that the parties would "use their respective reasonable best efforts to amend the [TRA]" to extend TRA benefits to the TRA parties in connection with any Merger-related exchanges. OB 4, 9–10; Opp. 12. Reasonable investors could thus evaluate the TRA's effect on minority shareholders based on the information disclosed, and Defendants were under "no obligation to . . . self-flagellat[e]" by characterizing the purportedly negative impact of this structure. *In re First Am. Fin. Corp.*, 2021 WL 4807648, at *10 (C.D. Cal. Sept. 22, 2021).[4]

**c. Non-EC Defendants Should Be Dismissed Under *Janus***

Plaintiff is wrong that (1) *Janus* does not apply because "Plaintiff has pled

---

[4] Plaintiff ignores Defendants on the OpenBet and Centerview conflict disclosures. Opp. 6–12; OB 9–10. Thus, Plaintiff waives any arguments as to those allegations. *See Locricchio v. Off. of U.S. Tr.*, 313 F. App'x 51, 52 (9th Cir. 2009).

scheme liability," and (2) the Non-EC Defendants were statement makers "because of their senior positions at Endeavor" with "authority to approve and control" the statements. Opp. 12–13. *First*, Plaintiff does not plead scheme liability. Negotiating a corporate transaction is within Defendants' "normal course of business" and "does not . . . plead scheme liability." *Petersen v. Stem, Inc.*, 2024 WL 4602710, at *13 (N.D. Cal. Aug. 30, 2024) (no scheme based on allegations that defendants "provided extensive due diligence . . . in connection with the IPO"). *Second*, Plaintiff does not cite a single particularized allegation establishing that the Non-EC Defendants exercised "ultimate authority over the statement." *Janus Cap. Grp., Inc. v. First Deriv. Traders*, 564 U.S. 135, 142 (2011). Conclusory allegations based on the Non-EC Defendants' leadership roles and purported involvement in "drafting, reviewing, publishing and/or disseminating" the IS, Opp. 13, are legally insufficient. *See* OB 10–11; *Cesario v. Biocept, Inc.*, 2025 WL 3687913, at *11 (S.D. Cal. Dec. 19, 2025) (similar allegations insufficient under Janus).

**2. Plaintiff Fails to Plead a Strong Inference of Scienter**

Plaintiff concedes that it failed to plead motive under Ninth Circuit case law. Opp. 16. That failure is highly consequential, "mak[ing] it much less likely" Plaintiff can "show a strong inference of scienter." *Prodanova v. H.C. Wainwright & Co.*, 993 F.3d 1097, 1108 (9th Cir. 2021). Indeed, only if the CAC "otherwise asserts compelling and particularized facts showing fraudulent intent or deliberate recklessness [should the Court] overlook" failure to allege motive. *Id.* Plaintiff does not do so; it relies on circular allegations that defendants who negotiate a merger or are knowledgeable about the company's business must have known the purported misstatements were false.[5] These are (illogical) legal conclusions, not facts. "[C]onflat[ing] knowledge of the Company's business with knowledge of falsity is no substitute for particularized facts." *Dolly v. GitLab Inc.*, 2025 WL 2372965, at

[5] Plaintiff asserts it does "not rely on group pleading," but refers exclusively to the EC and SC Defendants as a group. Opp. 13–14. As explained in the OB, group pleading amounts to a failure to plead scienter. OB 11.

*14 (N.D. Cal. Aug. 14, 2025). Accordingly, Plaintiff's scienter theories still fail.

***Officer/EC Defendants***: Plaintiff continues to argue the Officer and EC Defendants possessed scienter based only on their involvement in the Merger. Opp. 13–15. But executing or negotiating the Merger Agreement is not evidence of scienter absent pled "facts that directly demonstrate [Defendants] possessed . . . scienter when [they] made the representations contained in the merger agreement." *Glazer Cap. Mgmt., LP v. Magistri*, 549 F.3d 736, 745 (9th Cir. 2008) (no scienter without allegations CEO was "aware of" or "actively involved in" scheme). Plaintiff simply ignores *Glazer* and its holding that "profit motive on the part of officers and directors contemplating a merger is insufficient" to plead scienter. *Id*. at 748.

Plaintiff's invocation of the "core operations doctrine" also fails. Opp. 15 (citing *Constr. Laborers Pension Tr. of Greater St. Louis v. Funko Inc.*, 166 F.4th 805 (9th Cir. 2026)). *Funko* concerned a company's mismanagement of inventory "critical" to its operations and management's implied knowledge of internal "chaos" related thereto. *Funko*, 166 F.4th at 831. The Court found scienter could be assumed because the inventory systems were "essential to [its] ability to operate." *Id.* at 832. Here, Plaintiff does not (and cannot) plausibly allege the Merger was "essential" to Endeavor's ability to operate. Moreover, invoking the core operations doctrine "is not easy"; Plaintiff "must produce either specific admissions by one or more corporate executives of detailed involvement in the minutia of a company's operations," "or witness accounts . . . that executives had actual involvement in creating false reports." *Police Ret. Sys. v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014). Plaintiff pleads no such facts and cites no analogous authority.

***Special Committee and Weaver***: Plaintiff does not allege that the SC members or Weaver had any financial interest in the Merger. Allegations that the SC was "privy to the details of the Merger" and that it was "highly probable" Weaver "was aware of all significant developments concerning" the Merger fare no better. Opp. 14–15. These allegations again conflate knowledge of transaction details with

knowledge of falsity and fall short of the particularity requirement. *In re Autodesk, Inc. Sec. Litig.*, 132 F. Supp. 2d 833, 843–44 (N.D. Cal. 2000). As discussed *supra*, the core operations doctrine does not apply where Plaintiff provides no specific allegations on Defendants' "actual involvement" in creating false statements.[6]

***Silver Lake***: Plaintiff now argues Silver Lake's scienter arises exclusively out of the facts that (i) it "signed and jointly filed" the Schedule 13E-3, (ii) it was "party" to agreements executed with the Officer Defendants, (iii) it was "familiar" with TKO's prospects, and "knew about" the Final Projections, and (iv) that Durban and Evans both "served on the EC which issued the IS." Opp. 15–16. These are but recitations of Silver Lake's role as a counterparty to the Merger which the Court should not transform into *per se* scienter.

Plaintiff disregards both that the Court must balance "competing inferences" in evaluating scienter, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007), and the countervailing explanations Defendants offered in the OB at 13–14 (explaining Defendants brokered a deal at a significant premium to Endeavor's public stock price that they believed was fair; collecting authority). Because the inference that Defendants approved the above-market Merger in good faith is at least as compelling as the opposing inference, Plaintiff fails to meet its burden.

### 3. Plaintiff Fails to Plead Reliance

Although Plaintiff now claims that it relied on the IS, Opp. 16, it has not pled reliance. *See* ¶ 262 (exclusively loss causation allegations); ¶¶ 257–59, 273–84 (no reliance allegations). Nor can it, because Plaintiff, an ETF, relies on its advisor for investment decisions. OB 5. Plaintiff's claim that its advisor relied on the IS, purportedly oblivious as to the effect of the challenged statements on Endeavor's stock, *on the same day* it demanded appraisal for other funds, is absurd. *Id.*[7]

---

[6] Plaintiff argues Emanuel's scienter is imputed to Endeavor. This argument fails not least because Emanuel *did not* act with scienter, *see supra* at p. 6.

[7] Plaintiff offers no authority supporting its argument that the facts regarding Water Island Capital, LLC's appraisal decisions on behalf of other funds it advises are irrelevant. *See* Opp. 16.

Furthermore, Plaintiff is not entitled to a legal presumption of reliance. *Basic* does not apply because Endeavor traded at or above the Merger price throughout the class period. *Cf. Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 663 F. Supp. 3d 334, 375–76 (S.D.N.Y. 2023) (cited in Opp. 17). *Affiliated Ute*/*Binder* does not apply where omission allegations, like Plaintiff's, are "simply the inverse of the affirmative misrepresentation[]" allegations. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2 F.4th 1199, 1208 (9th Cir. 2021).

**4. Plaintiff Fails to Plead Loss Causation**

Plaintiff's loss causation theories have no basis in fact or law and fail for at least two reasons. *First*, no cases, including those Plaintiff cites, conclude that stockholders who sold at prices *above* the merger consideration have suffered any economic loss. *Cf. Hot Topic*, 2014 WL 7499375, at *11 (loss where plaintiffs *accepted* merger consideration). Plaintiff profited off its Endeavor trades, and courts regularly dismiss complaints under this fact pattern for failure to show economic loss. OB 15. *Second*, the Ninth Circuit has roundly rejected theories of loss that require the degree of speculation Plaintiff urges this Court to engage in:

***Economic Loss***: Plaintiff's theories rely on impermissibly speculative allegations of "true value," the likes of which are insufficient to plead loss. OB 15–16; *In re Ocera Therapeutics, Inc. Sec. Litig.*, 806 F. App'x 603, 605 (9th Cir. 2020) (dismissing similar "true value" theory as "too speculative"). Plaintiff's position is even more extreme than the theory in *Ocera*: it argues that the unidentified "true value" of its stock was not only greater than the $27.50 Merger price, but also greater than the $31.15 price at which Plaintiff sold. Speculative allegations that "a hypothetical[ly] better" price exists, *id.*, supported only by assertions that Endeavor assets were "undervalued," Opp. 19, are insufficient as a matter of law to plead economic loss. *See* OB 15–16; *Callen v. Resonant, Inc.*, 2025 WL 1111555, at *13 (C.D. Cal. Mar. 28, 2025) ("[B]elief that the actual value of [the] share price . . . was higher than the Merger Consideration is too speculative . . . to plead . . . loss[.]").

***Loss Causation***: Plaintiff also fails to allege the requisite market-price reaction or that such reaction was caused by a "revelation of the truth." *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 407 (9th Cir. 2021) (emphasizing market reaction as a required element). Under any theory of loss causation, the Ninth Circuit requires particularized allegations of a market reaction to an alleged revelation. *See id.* at 408 (dismissing for failure to show market reaction to revelations); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753–54 (9th Cir. 2018) (requiring "stock price [change] as a market reaction" to revelation under all loss causation theories); *Nuveen Mun. High Income Opp. Fund v. City of Alameda*, 730 F.3d 1111, 1120 (9th Cir. 2013) (requiring "the revelation of truth [be] directly related to the economic loss alleged"). Plaintiff's speculative "deflated price" theory therefore fails: Plaintiff does not allege *any* market-price reaction, nor a revelation of fact, because it cannot. Opp. 17–19; *see Irving*, 998 F.3d at 408; *Nuveen*, 730 F.3d at 1121 (same).

Plaintiff's theory of purported deprivation of appraisal rights also fails. *Shanda Games*' finding of loss causation in the absence of market movement is flatly inconsistent with *Ocera*, *Irving*, and their progeny. Further—unlike the plaintiff in *Shanda Games*—Plaintiff here had alternative remedies to appraisal, such as the opportunity to hold its shares through the Merger and join the Delaware fiduciary suit challenging the Merger's fairness. *In re Emisphere Techs., Inc. Sec. Litig.*, 2025 WL 2779107, at *7 (D.N.J. Sep. 30, 2025); *In re Digital Island Sec. Litig.*, 223 F. Supp. 2d 546, 560 (D. Del. 2002). The loss of a *non-exclusive* state remedy does not satisfy the necessary causal link, so Plaintiff's "deprivation of appraisal rights cannot be considered economic loss." *Emisphere*, 2025 WL 2779107, at *7.[8]

Plaintiff's decision *not* to accept the merger consideration also breaks the causal connection between the purported misstatements and any loss. *Cf. Hot Topic*,

[8] Plaintiff further fails to explain why *it* lacked sufficient information to seek appraisal when stockholders holding billions of dollars in shares did not. OB 1 n.2, 5.

2014 WL 7499375, at *11 (stockholders who *accepted* consideration established loss of appraisal rights as economic loss); *Brown v. Papa Murphy's Holdings*, 2021 WL 1574446, at *4 (W.D. Wash. Apr. 22, 2021) (same). Federal securities laws do not protect buyer's—or seller's—remorse.

**B. Plaintiff Fails to State a Section 13(e) Claim**

Plaintiff relies exclusively on *Howing Co. v. Nationwide Corp.*, 826 F.2d 1470 (6th Cir. 1987), which rested on reasoning that the Supreme Court has since repudiated. *Compare id.* at 1474–76 *with Alexander v. Sandoval*, 532 U.S. 275, 286–90 (2001) (absent statutory intent to create a private remedy, "a cause of action does not exist and courts may not create one"). Federal courts have since rejected *Howing* because "[t]he Supreme Court has found little relevance in 'this sort of contemporary legal context [analysis].'" *Boylan v. Sogou Inc.*, 2021 WL 4198254, at *11–13 (S.D.N.Y. Sept. 13, 2021) (finding no "affirmative intent on Congress's part to provide a private right of action under [§] 13"). Like *Boylan*, Plaintiff fails to carry the "heavy burden" of demonstrating an implied private right of action. *Id.* at *13.

In any event, Plaintiff's Section 13(e) claim suffers from the same defects as its Section 10(b) claim and fails for the same reasons.

**C. Plaintiff Fails to State a Claim Under Section 20(a)**

Plaintiff concedes that the Section 20(a) claim rises and falls with a primary violation. Opp. 20. The claim independently fails as to the Non-EC Defendants because they are not "controlling person[s]," as demonstrated by Plaintiff's own authority. *Batwin v. Occam Networks, Inc.*, 2008 WL 2676364, at *25 (C.D. Cal. July 1, 2008) (cited in Opp. 20).

## III. CONCLUSION

Defendants request the Court grant the motion with prejudice.

Dated: June 1, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Colleen C. Smith
Colleen C. Smith (SBN 231216)
12670 High Bluff Drive
San Diego, California 92130
Telephone: (858) 523-5400
colleen.smith@lw.com

Michele D. Johnson (SBN 198298)
Kristin N. Murphy (SBN 268285)
650 Town Center Drive, 20th Fl.
Costa Mesa, California 92626
Telephone: (714) 540-1235
michele.johnson@lw.com
kristin.murphy@lw.com

Blair G. Connelly (SBN 174460)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
blair.connelly@lw.com

*Attorneys for Defendants Endeavor Group Holdings, Inc., Ariel Emanuel, Patrick Whitesell, Mark Shapiro, and Fawn Weaver*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By: /s/ Emily Kapur
Emily Kapur (SBN 306724)
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
emilykapur@quinnemanuel.com

Jonathan E. Pickhardt
Maaren A. Shah
295 Fifth Avenue, 9th Floor
New York, New York 10016
Telephone: (212) 849-7000
jonpickhardt@quinnemanuel.com
maarenshah@quinnemanuel.com

*Attorneys for Ariel Emanuel, Patrick Whitesell, and Mark Shapiro*

**SIMPSON THACHER & BARTLETT LLP**

By: /s/ Stephen P. Blake
Stephen P. Blake (SBN 260069)
Laura K. Lin (SBN 281542)

One Market Plaza
Spear Tower, Suite 3800
San Francisco, CA 94105
Telephone: (415) 426-7210
sblake@stblaw.com

Chet A. Kronenberg (SBN222335)
1999 Ave Of The Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
ckronenberg@stblaw.com

**WACHTELL, LIPTON, ROSEN & KATZ**

William Savitt (*pro hac vice forthcoming*)
Anitha Reddy (*pro hac vice forthcoming*)
Adam Goodman (*pro hac vice forthcoming*)
Adam M. Gogolak (*pro hac vice forthcoming*)
Brittany A. Fish (*pro hac vice forthcoming*)
51 West 52nd Street
New York, NY 10019
Telephone: (212) 403-1000
WDSavitt@wlrk.com
AReddy@wlrk.com
ALGoodman@wlrk.com
AMGogolak@wlrk.com
BAFish@wlrk.com

*Attorneys for Egon Durban, Stephen Evans, and Silver Lake Group, L.L.C.*

**MANATT PHELPS & PHILLIPS LLP**

By: */s/ Naeun Rim*
Naeun Rim (SBN 263558)
Sareen Karla Armani (SBN 345148)
2049 Century Park E
Suite 1700
Los Angeles, CA 90067
Telephone: 310-312-4224
nrim@manatt.com
sarmani@manatt.com

**CRAVATH, SWAINE & MOORE LLP**
Helam Gebremariam (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, New York 10001
Telephone: (212) 474-1596
korsini@cravath.com
hgebremariam@cravath.com

*Attorneys for Defendants Ursula Burns and Jacqueline Reses*

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: June 1, 2026

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
Colleen C. Smith

*Attorneys for Defendants Endeavor Group Holdings, Inc., Ariel Emanuel, Patrick Whitesell, Mark Shapiro, and Fawn Weaver*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Endeavor Group Holdings, Inc., Ariel Emanuel, Patrick Whitesell, Mark Shapiro, and Fawn Weaver certify that this brief contains 10 pages, complies with the page and word limit set by this Court's Standing order dated February 3, 2026.

Dated: June 1, 2026

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
Colleen C. Smith

*Attorneys for Defendants Endeavor Group Holdings, Inc., Ariel Emanuel, Patrick Whitesell, Mark Shapiro, and Fawn Weaver*