UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS6**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00526-RGK-KS | Date | August 11, 2026 |
| Title | ***Altshares Event-Driven ETF v. Endeavor Group Holdings, Inc. et al.*** | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Defendants' Motion for Reconsideration [101] [102]**

## I. INTRODUCTION

On January 16, 2026, Altshares Event-Driven ETF ("Plaintiff") filed a Class-Action Complaint ("CAC") against Endeavor Group Holdings, Inc. ("Endeavor"), Ariel Emanuel ("Emanuel"), Patrick Whitesell ("Whitesell"), Mark Shapiro ("Shapiro"), Egon Durban ("Durban"), Ursula Burns ("Burns"), Fawn Weaver ("Weaver"), Stephen Evans ("Evans"), Jacqueline Reses ("Reses"), and Silver Lake Group, LLC ("Silver Lake") alleging securities fraud. (ECF No. 42.)

On June 23, 2026, the Court dismissed the Exchange Act Section 10(b) and Securities and Exchange Act ("SEC") Rule 10b-5 claim only with respect to certain statements, called the "Fairness Statements," finding that Plaintiff failed to allege falsity (the "Order"). (ECF No. 97.) The Court also dismissed the Exchange Act Section 13(e) and SEC Rule 13e-3 claim in its entirety. (*Id.*) However, the Court found that three sets of statements: the Rollover Statements, the Tax Receivable Agreement ("TRA") Statements, and the Special Committee Statements satisfied the elements of a Section 10(b) and Rule 10b-5 claim.

Presently before the Court is Endeavor, Emanuel, Whitsell, Shapiro, and Weaver's (collectively, "Defendants") Motion for Reconsideration (ECF No. 101). For the following reasons, the Court **GRANTS** the Motion for Reconsideration and **DISMISSES** the case in full.

## II. JUDICIAL STANDARD

A court has discretion to reconsider a judgment or order pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). *Sch. Dist. No. 1J Mutnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A court should grant a motion for reconsideration only in "highly unusual

circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Further, Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

## III. <u>DISCUSSION</u>

Defendants argue that the Court should reconsider its loss causation holding because the Court did not assess the adequacy of Plaintiff's loss causation allegations for the three sets of statements it found actionable: the Rollover Statements, the Special Committee Statements, and the Tax Receivable Agreeable ("TRA") Statements. Defendants argue that these statements cannot show loss causation. Plaintiff argues in response that the Court was not required to assess loss causation on a statement-by-statement analysis, that each of the surviving statements independently supports loss causation, and that in the alternative, loss of appraisal rights is a valid theory of loss causation. The Court agrees with Defendants.

### A. <u>Loss Causation</u>

As a preliminary matter, Defendants are correct that the Court did not independently assess the adequacy of the three sets of remaining statements in determining loss causation and that this warrants reconsideration. Instead, the Court found loss causation based on the assumptions supporting the already-dismissed Fairness Statements. (*See* Order at 10 ("In support Plaintiff alleges calculations of the degree to which TKO, Sports Assets, and OpenBet were undervalued in the assumptions supporting the Fairness Statements.")) However, "[a] plaintiff must specifically allege why each statement meets each element of section 10(b) and Rule 10b-5." *In re Sona Nanotech, Inc. Sec. Litig.*, 562 F. Supp. 3d 715, 724 (C.D. Cal. 2021) (citing *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014)). This would naturally mean that a Court must assess whether the allegations for each statement plausibly allege loss causation, instead of finding that loss causation has been alleged for an entire complaint by just one statement.

Furthermore, even if the Court was not required to assess loss causation on a statement-by-statement basis as Plaintiff argues, loss causation cannot be established through a statement that has

previously been found to not be false or misleading. *In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828, 838 (9th Cir. 2022) (loss causation requires "Plaintiff to trac[e] the loss back to the very facts about which the defendant lied"); *Mehedi v. View, Inc.*, 2023 WL 3592098, at *22–23 (N.D. Cal. May 22, 2023) (holding that where a plaintiff "has not adequately alleged that the . . . statement was false or misleading," "it also cannot allege loss causation"). The Court did not consider that the Fairness Statements were already found to be not false when it held that loss causation was established from the assumptions underlying the Fairness Statements.

Thus, the Court goes on to consider whether the Rollover Statements, TRA Statements, and Special Committee Statements establish loss causation. Specifically, the Court considers whether these statements cause the loss Plaintiff claims: sales of shares at prices below the actual value of these securities. The Court concludes that they do not.

1. *The Rollover Statements*

Plaintiff alleges that Defendants failed to "adequately disclose the Officer Defendants' earnings under the Merger by misleadingly valuing their Endeavor equity rollover positions at Merger Consideration when those positions were significantly more valuable." (CAC ¶ 206.) The CAC includes three sets of Rollover Statements. The first was made in Endeavor's Information Statement on January 15, 2025, and listed the exchange rate of Mark Shapiro's rollover of shares held in Endeavor's operating company and holding companies at merger consideration. ("Shapiro Rollover Statement") (CAC ¶¶ 206, 209–11). The next two were made in an amendment to Endeavor's Schedule 13E-3 transaction statement on March 24, 2025, and listed the exchange rate for the operating company and holding company shares rolled into the post-Merger by Emanuel and Whitesell at merger consideration. ("Emanuel and Whitesell Rollover Statements") (CAC ¶¶ 206–08, 210–11.)

As a preliminary manner, the Emanuel & Whitesell Rollover Statements do not appear until March 24, 2025, which is two months ***after*** Plaintiff sold their Endeavor shares. The Emanuel & Whitesell Rollover Statements therefore cannot be used as a basis for Plaintiff's purported loss, considering that these statements had not even been made at the time of Plaintiff's sale of shares.

The Court therefore only considers the Shapiro Rollover Statement, which was made before Plaintiff sold their shares. Notably, Plaintiff sold shares of Class A common stock, which are fundamentally different securities than the operating company and holding company units listed in the rollover statement. Plaintiff fails to connect how an alleged misrepresentation about the operating company and holding company units led to a deflation in Endeavor's public trading price, such that Endeavor's Class A common stock would be affected. Plaintiff has not alleged that the "true" value of the operating company and holding units would be above what Plaintiff sold their shares for at the time, and that the operating company and holding company units had the same intrinsic value as the Class A common stock Plaintiff sold. Therefore, there is no way to determine how a purported misstatement in

the Shapiro Rollover Statement influenced Plaintiff's loss in their Class A common stock. Accordingly, the Shapiro Rollover Statement does not support loss causation.

2. *The TRA Statements*

Plaintiff alleges that "Defendants made materially false statements and omissions of material fact concerning the TRA amendment and its diversion of value away from unaffiliated shareholders." (CAC ¶ 219.) When looking at the substance of this allegation, and taking it as true, Endeavor's stock would have been inflated because of the TRA Statements, and not deflated, because Plaintiff alleges that Defendants hid the value-reducing fact that Defendants were diverting value away from unaffiliated shareholders. Plaintiff argues in response that it was the undisclosed risk that insiders would later divert shareholder value through the TRA Amendment that caused its loss. Yet, hiding this risk would again cause artificial inflation of the stock, that would only deflate upon revelation. Thus, Plaintiff fails to link how the TRA Statements caused Plaintiff to sell at a loss.

3. *The Special Committee Statements*

Plaintiff alleges that the Information Statement's "description of the Special Committee as 'independent' was materially misleading" because it omitted the supposed "pressure campaign" by Silver Lake and insiders to force SC's merger recommendation. (CAC ¶¶ 225, 226.) Yet, in the CAC, Plaintiff does not make it clear how this omission caused a depression in Endeavor's stock, such that Plaintiff would suffer a loss. It is too speculative to think that Endeavor's price would have increased above the $31 price Plaintiff received for its shares had it known about the Special Committee's pressure campaign. Absent more, the Special Committee Statements do not support loss causation.

4. *Loss of Appraisal Rights*

Plaintiff also advanced one more theory of loss causation which the Court did not address in its original Order: loss of appraisal rights. (*See* CAC ¶ 262 ("But for Defendants' materially misleading statements and omissions, plaintiff and the Class would have preserved and exercised their appraisal rights and obtained higher value in appraisal; instead, they sold at prices rendered artificially low by Defendants' misrepresentations, thereby forfeiting appraisal and the higher recovery it would have yielded.").) Yet, it is not clear to the Court that Plaintiff would have obtained higher value in appraisal. In fact, the appraisal action in relation to this case is actively being litigated, unlike *In Re Shanda Games Limited Securities Litigation*, which Defendants cite to. 128 F.4th 26 (2d Cir. 2025); *see In re Appraisal of Endeavor Group Holdings, Inc.*, Case No. 2025-0317-LWW. In *Shanda*, an appraisal suit had already determined that the freeze-out merger price was 55% of the fair value of Shanda's shares, whereas here, the appraisal suit is set for trial more than a year from now, in September 2027. The Court declines to speculate whether the appraisal suit will actually support Plaintiff's allegation of loss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-00526-RGK-KS | Date | August 11, 2026 |
| Title | ***Altshares Event-Driven ETF v. Endeavor Group Holdings, Inc. et al.*** | | |

Because Plaintiff has failed to allege loss causation with respect to the surviving statements and loss causation is required to show a violation of Section 10(b) and Rule 10b-5, the Court corrects its original holding and **DISMISSES** the Section 10(b) and Rule 10b-5 claim.

### B. Section 20(a) Claim

To establish a cause of action under Section 20(a), a plaintiff must first prove a primary violation of underlying federal securities laws, such as Section 10(b) or Rule 10b–5 and then show that the defendant exercised actual power or control over the primary violator. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000). As Plaintiff has not shown a primary violation under Section 10(b) or Rule 10b-5, the Court **DISMISSES** the Section 20(a) claim.

## IV. CONCLUSION

The Court **GRANTS** Defendants' Motion for Reconsideration [101]. In doing so, the Court corrects its previous holding [97] and dismisses the remaining claims, thereby granting Defendants' original Motion to Dismiss in full. As the case is now dismissed, the remaining Motion for Reconsideration [102] and Motion to Stay Case [119] are **DENIED** as **MOOT**. All other pending deadlines and hearings are vacated. The Clerk shall close this case.

**IT IS SO ORDERED.**

:

Initials of Preparer JRE/sh